**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Bradley Jones,**
**on behalf of himself**
**and others similarly**
**situated,**

          **Plaintiffs,**

**v.**                                                    **Case No.** _____

**RS&H, Inc.,**

          **Defendant.**

_____/

<u>**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

          Plaintiff Bradley Jones, hereby sues RS&H, Inc., on behalf of himself and similarly

situated individuals, and in support thereof alleges as follows:

<u>**Jurisdiction, Parties and Venue**</u>

          1.          Plaintiff Bradley Jones ("Jones") brings this action against Defendant RS&H,

Inc., ("RSH"), to remedy civil rights violations in the form of age discrimination in violation of

the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

("ADEA"), and the Florida Civil Rights Act of 1992 ("FCRA").

          2.          Jones is a resident of Hillsborough, Florida.

          3.          RSH is a domestic corporation with its principal place of business in Jacksonville,

Florida.

          4.          The acts complained of herein occurred in Hillsborough County, Florida.

          5.          This is an action for equitable relief, including injunctive relief, and damages in

excess of $15,000.00.

6.      Jurisdiction and venue properly lay in this Court.

## General Facts

7.      Jones was employed by RSH from August 5, 1991, until June 12, 2015, when he was terminated without prior notice.

8.      Jones was 53 years of age at the time of his termination.

9.      Throughout Jones' tenure with RSH, his performance was above satisfactory as demonstrated by his nearly 24-year tenure and repeated pay increases and favorable evaluations.

10.     Jones was at least as qualified for his position as the younger individual(s) who took over his duties and eventually replaced him.

11.     When RSH notified Jones of his termination, RSH said it was part of a reduction in force. According to RSH at the time, there were 23 employees terminated on or about the same day as Jones in the same reduction in force, all of whom were on the Transportation team.

12.     RSH did not provide the written notice required by the Older Workers Benefit Protection Act (OWBPA), for example: RSH did not provide Jones or others similarly situated with a list of the individuals released, eligibility factors considered, job titles or ages of individuals eligible or selected and of those not eligible or selected as required. 29 U.S.C. § 626(f)(1)(H).

13.     RSH also violated the OWBPA and, hence, the ADEA, by attempting to use waivers as part of a scheme to insulate itself from ADEA liability arising out of its discriminatory termination program. For example, RSH offered Jones and other similarly situated individuals two weeks pay as severance in exchange for a release of their claims under

the ADEA without providing the requisite information for them to evaluate whether a release would be appropriate.

14.     Over the years, RSH rarely allowed non-officers to continue to work until they retired. Instead, RSH engaged in a pattern and practice of hiring young employees and then terminating the older employees once the younger hires were trained.

15.     On the day of Jones' termination, five of the seven employees who were terminated from RSH's Tampa location where Jones worked were over 50 years of age.

16.     One of RSH's supervisors commented just prior to the alleged reduction in force that he had been informed that: "RS&H is looking to reduce staff, specifically the older personnel."

17.     RSH agents often said, "Young people are our future."

18.     At the time of Jones' termination, his team had more work than the projected staffing requirements, he had been working considerable amounts of overtime, and the company had enjoyed record sales and profits for years.

**COUNT I**
**Violations of the ADEA as amended by the OWBPA**

19.     Jones restates and incorporates herein the allegations in paragraphs 1 through 18 above.

20.     Jones complied with any applicable conditions precedent and exhausted all administrative remedies prior to bringing this action, including:

a)     Filing a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC") on behalf of himself and similarly situated

individuals on or about August 24, 2014, which was within the requisite 300 days of Jones'

termination from RSH.

        b)      Filing this action within 90 days of his receipt of the EEOC's Dismissal

and Notice of Rights on or about October 17, 2016.

21.     At all material times, Jones and others similarly situated to him were "employees"

of RSH within the meaning of the ADEA.

22.     At all material times, RSH was an "employer" within the meaning of the ADEA.

23.     RSH terminated Jones and others similarly situated to him because of age in

violation of the ADEA and violated the OWBPA by failing to provide them with the requisite

notice in an effort to conceal its discriminatory practices and induce them to release their ADEA

claims.

24.     RSH's violation of the ADEA, as amended, was willful.

25.     As a result of the foregoing actions, Jones and others similarly situated suffered

lost wages and benefits and continue to suffer said losses.

26.     As a result of the foregoing actions, Jones retained the undersigned law firm to

which he is obligated to pay reasonable attorney's fees, costs and expenses.

27.     Jones is entitled to recover his attorney's fees, costs and other litigation expenses

from RSH if he prevails in this action pursuant to the ADEA as amended.

**WHEREFORE**, Jones requests that this Honorable Court enter judgment in his favor

and against RSH:

A.     Taking jurisdiction over this action;

B.     Permitting Plaintiff to notify similarly situated individuals of their right to opt-in

to this lawsuit as plaintiffs and permitting this suit to proceed as a collective action;

C.     Declaring that RSH violated the ADEA and OWBPA thereby invalidating any release of claims RSH received from individuals similarly situated to Jones;

D.     Declaring that RSH's violations were willful and not in good faith;

E.     Enjoining RSH from enforcing invalid waivers and from engaging in any future termination plan without complying with the OWBPA requirements;

F.     Awarding Jones and others similarly situated to him the amount of their back pay and benefits for a period of up to three years due to RSH's willful violation of the law;

G.     Reinstating Jones and others similarly situated to him with full seniority and benefits as though they had not been terminated or, alternatively, awarding Jones and others similarly situated to him front pay and benefits;

H.     Awarding Jones and others similarly situated to him liquidated damages in an amount equal to the compensation awarded (requested in paragraph C above) due to RSH's lack of good faith or, alternatively, awarding Jones pre-judgment interest;

I.     Awarding Jones and others similarly situated to him costs and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b);

J.     Awarding pre-judgment and/or post-judgment interest as appropriate; and

K.     Awarding such other relief as it deems just and proper including without limitation any actual or nominal damages warranted.

## COUNT II
### Age Discrimination in Violation of the FCRA

28.    Jones restates and incorporates herein the allegations in paragraphs 1 through 18 above.

29.    Jones complied with any applicable conditions precedent and exhausted all administrative remedies prior to bringing this action, including:

a)    Filing a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") on or about August 24, 2014, within the requisite 365 days of Jones' termination from RSH.

b)    Waiting more than 180 days from the time he filed his charge for the FCHR to investigate without the FCHR issuing a cause determination.

30.    At all material times, Jones was an "employee" of RSH within the meaning of the FCRA.

31.    At all material times, RSH was an "employer" within the meaning of the FCRA.

32.    RSH terminated Jones' employment because of his age in violation of the FCRA.

33.    RSH's actions were taken with malice or reckless indifference to Jones' statutorily protected rights.

34.    As a result of the foregoing actions, Jones suffered lost wages and benefits, damage to his future earning ability, professional reputation and career, and other intangible injuries.

35.    As a result of the foregoing actions, Jones retained the undersigned law firm to

which he is obligated to pay reasonable attorney's fees, costs and expenses.

36.    Jones is entitled to recover his attorney's fees, costs and other litigation expenses from RSH if he prevails in this action pursuant to the FCRA.

**WHEREFORE**, Jones requests that this Honorable Court enter judgment in his favor and against RSH:

A.    Taking jurisdiction over this action;

B.    Declaring that RSH violated the FCRA and that RSH's violation of the FCRA was willful and not in good faith;

C.    Awarding Jones the amount of his back pay and benefits;

D.    Reinstating Jones with full seniority and benefits as though he had not been terminated or, alternatively, awarding Jones front pay and benefits;

E.    Awarding Jones compensatory damages;

F.    Awarding Jones punitive damages;

G.    Awarding Jones costs and reasonable attorney's fees pursuant to § 760.11, Fla. Stat. (2013);

H.    Awarding pre-judgment and/or post-judgment interest as appropriate; and

I.    Awarding such other relief as it deems just and proper including without limitation any actual or nominal damages warranted.

## Demand for Jury Trial

37.    Jones demands a trial by jury on all issues so triable.

Dated this 6th day of January, 2017.

Respectfully submitted,
SHANKMAN LEONE, P.A.

Kendra D. Presswood
Florida Bar No. 0935001
kpresswood@shankmanleone.com
707 North Franklin Street, 5th Floor
Tampa, Florida 33602
Phone: (813) 223-1099; Fax: (813) 223-1055
*Attorneys for Plaintiff*