UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRADLEY JONES, on behalf of
himself and others similarly
situated,

      Plaintiffs,

v.                                                          Case No.  8:17-cv-54-T-24 JSS

RS&H, INC.,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Reconsideration.  (Doc. No. 13).  Defendant opposes the motion.  (Doc. No. 14).  As explained below, the motion is **DENIED**.

**I.  Background**

Plaintiff filed an age discrimination complaint under the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act.  (Doc. No. 1).  On January 17, 2017, prior to Defendant appearing in the case, Plaintiff filed a motion for conditional certification and assumed that the motion would be electronically served on Defendant via CM/ECF.  (Doc. No. 7).  Defendant, having not been served with the motion, failed to respond to the motion.  The Court, unaware of the service issue, issued an order to show cause to Defendant for failing to respond to the motion.  (Doc. No. 10).  In response to the Court's order, Defendant explained that it had not been served with the motion, nor had Plaintiff conferred with Defendant regarding the motion.  (Doc. No. 11).

As a result, this Court issued an order terminating Plaintiff's motion for conditional

certification. (Doc. No. 12). Additionally, the Court directed Plaintiff to confer with Defendant regarding the motion and then to re-file and serve the motion if an agreement could not be reached. (Doc. No. 12). In response to the Court's order, Plaintiff filed the instant motion for reconsideration.

## II. Motion for Reconsideration

In the instant motion, Plaintiff asks the Court to vacate its order terminating Plaintiff's motion for conditional certification. Plaintiff argues that the Court did not give Plaintiff an opportunity to respond prior to the Court's order terminating the motion, and the termination of the motion could have serious consequences due to the statute of limitations. Plaintiff asks the Court to un-terminate the motion for conditional certification and to simply extend the deadline for Defendant to respond (rather than having Plaintiff re-file the motion). Plaintiff argues that the date of filing the motion for conditional certification is important. Specifically, Plaintiff contends that Plaintiff's motion for conditional certification had to be filed by January 17, 2017 in order to preserve opt-in plaintiffs' claims. (Doc. No. 13). However, Plaintiff acknowledges that "the Eleventh Circuit's precedent provides that the statute of limitations is not tolled for opt-in plaintiffs until their consents are filed." (Doc. No. 7). Yet Plaintiff intends to ask the Court to follow non-binding precedent to toll the statute of limitations as of either: (1) the date that Plaintiff filed his complaint; or (2) the date that Plaintiff filed his motion for conditional certification. (Doc. No. 7).

Defendant responds that the Eleventh Circuit's opinion in Grayson v. K Mart Corp., 79 F.3d 1086 (11th Cir. 1996), forecloses Plaintiff's argument regarding tolling the statute of limitations. In Grayson, an issue before the Court was when an opt-in plaintiff's consent to join

2

had to be filed for pre-November 21, 1991 ADEA claims. See id. at 1105, 1105 n.35, 1107 n.39. The Grayson plaintiffs had a two- or three-year period after their demotion to "begin a civil action" (depending on whether the ADEA violation was willful or non-willful) in order not to be barred by the statute of limitations, and the court concluded that these opt-in plaintiffs would be deemed to commence their civil action only when they filed their written consents to opt into the class. See id. at 1100, 1106.

The Grayson court noted that plaintiffs who had post-November 21, 1991 ADEA claims "must begin a civil action within ninety days after the date of [their] receipt of the EEOC's notice that [their] charge was filed." Id. at 1100. In a footnote, the Grayson court discussed how its statute of limitations analysis differed for plaintiffs who had post-November 21, 1991 ADEA claims:

> [The above analysis would] apply only to plaintiffs who were subject to the allegedly discriminatory act prior to November 21, 1991, the effective date of the Civil Rights Act of 1991. The Civil Rights Act replaced the two-year and three-year statutes of limitations with a ninety-day period in which to begin a civil action after the plaintiff has received the EEOC's notice that his charge was filed. For plaintiffs who allege being subject to wrongful conduct occurring after November 21, 1991, **an analogous rule would be to allow potential plaintiffs ninety days from the date they receive the notice of the opt-in class, to file their written consent to opt into the class.**

Id. at 1107 n.39 (emphasis added).

Given Grayson, the Court agrees with Defendant that Plaintiff's argument—that the statute of limitations must be tolled by the filing of the complaint or the motion for conditional

certification—must be rejected.[1]  The Grayson court did not find that the date of a motion for conditional certification had a bearing on the statute of limitations issue.  Accordingly, the Court sees no harm to Plaintiff by allowing the order to stand, which simply terminates Plaintiff's motion for conditional certification and grants Plaintiff leave to re-file it.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration (Doc. No. 13) is **DENIED**.  If Plaintiff wants to re-file his motion for conditional certification, he must file it by March 13, 2017.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of February, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[1] Given the quoted language from the footnote in Grayson, it is unclear to the Court how a statute of limitations problem could be caused by the filing date of the motion for conditional certification.  The parties should address any statute of limitations issues, with citations to authority, in the forthcoming motion for conditional certification and response thereto.