UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRADLEY JONES, on behalf of
himself and others similarly
situated,

       Plaintiffs,

v.                                                  Case No. 8:17-cv-54-T-24 JSS

RS&H, INC.,

       Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion for Conditional Certification. (Doc. No. 16). Defendant opposes the motion (Doc. No. 18), and Plaintiff filed a reply brief (Doc. No. 21). As explained below, the motion is granted in part and denied in part.

## **I. Background**

On January 6, 2017, Plaintiff filed an age discrimination complaint under the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act. (Doc. No. 1). In his complaint, Plaintiff Bradley Jones alleges the following: Plaintiff worked for Defendant RS&H, Inc. from August 5, 1991 through June 12, 2015 when he was terminated.[1] When Defendant terminated Plaintiff, Defendant stated that his termination was part of a reduction-in-force ("RIF"). Defendant terminated 23 employees nationwide during this RIF; Defendant terminated 7 employees within the Tampa location where Plaintiff worked. Five of the seven

---

[1] Defendant "is a multi-disciplined design firm that provides fully integrated architecture, engineering, and consulting services to help its clients realize their most complex facility and infrastructure projects for land, air, and space." (Doc. No. 18-1, ¶ 3).

employees terminated at the Tampa location were over 50 years old.

Plaintiff, who was 53 years old at the time of his termination, believes that he was terminated due to his age. Plaintiff and the two opt-in plaintiffs[2] filed affidavits in support of their allegations of age discrimination in which they state the following: They had more than enough work, and as such, there was no need for their termination or a RIF. (Doc. No. 16-4, ¶ 5; Doc. No. 16-3, ¶ 5–6; Doc. No. 16-5, ¶ 5). Defendant rarely allowed non-officers to work until they retired. (Doc. No. 16-4, ¶ 9; Doc. No. 16-3, ¶ 10; Doc. No. 16-5, ¶ 9). Instead, Defendant hired young employees and then terminated the older employees once the younger hires were trained. (Doc. No. 16-4, ¶ 9; Doc. No. 16-3, ¶ 10; Doc. No. 16-5, ¶ 9). According to Plaintiff, one of Defendant's supervisors commented just prior to the RIF that he had been informed that Defendant was looking to reduce staff, specifically the older personnel. (Doc. No. 16-3, ¶ 12). Additionally, Defendant's agents often said, "Young people are our future." (Doc. No. 16-3, ¶ 13; Doc. No. 16-5, ¶ 11).

## II. Motion for Conditional Certification

Plaintiff now seeks conditional certification for his ADEA claim. Specifically, he seeks to conditionally certify a nationwide class of former employees who were terminated from October 28, 2014 through August 24, 2015 (i.e., within 300 days prior to Plaintiff's filing of his EEOC charge) and who were at least 40 years old at the time of their termination. Defendant opposes the motion, arguing that: (1) Plaintiff is not a proper representative, because his ADEA claim is time-barred; (2) Plaintiff's EEOC charge does not provide sufficient notice of claims

---

[2] The two opt-in plaintiffs are Paula Taylor and Hamid Ashtari, both of whom worked at the Tampa location and were terminated during the June 2015 RIF.

from the proposed class; (3) the scope of the proposed class is too large; and (4) if the Court conditionally certifies a smaller class, the Court should have the parties confer regarding the proper form of the notice. Accordingly, the Court will set forth the framework for analyzing this motion and then address Defendant's arguments.

**A. Framework for Analyzing Motions for Conditional Certification and Notice**

Pursuant to 29 U.S.C. § 626(b), which expressly borrows the opt-in class mechanism of 29 U.S.C. § 216(b), an action to recover for ADEA violations may be brought by one or more employees on their own behalf and on behalf of other similarly situated employees. If an employee-plaintiff wants to maintain an opt-in collective action against his employer for ADEA violations, the plaintiff must demonstrate that he is similarly situated to the proposed members of the collective class and that there is a desire by them to join the lawsuit. See Hipp v. Liberty National Life Insurance Company, 252 F.3d 1208, 1217 (11th Cir. 2001). An employee interested in joining, or opting into, the lawsuit must file a written consent in order to become a party to the suit. See 29 U.S.C. § 216(b).

The Eleventh Circuit has suggested a two-tiered approach for district courts to use when determining whether an opt-in class should be certified:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

> The second determination is typically precipitated by a motion for "decertification" by the defendant[,] usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims.

Hipp, 252 F.3d at 1218 (quoting Mooney v. Aramco Services Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995)).[3]

### B. Proper Representative

Defendant first argues that conditional certification is not warranted, because Plaintiff is not a proper representative. Specifically, Defendant argues that Plaintiff's ADEA claim is time-barred, and as such, he is not a proper representative.

Prior to filing suit on January 6, 2017, Plaintiff filed a charge of discrimination with the EEOC. (Doc. No. 16-3). The EEOC issued a Notice of Suit Rights on October 3, 2016. (Doc. No. 18-1). Plaintiff was required to file suit within ninety days after he or his attorney received the EEOC's Notice of Suit Rights. Defendant contends that Plaintiff's suit is untimely, because he filed his suit 95 days after the EEOC *issued* its Notice of Suit Rights. Defendant cites to the three-day mailing presumption and argues that Plaintiff's suit is untimely filed, because it appears to Defendant that he did not file it within ninety days after *receipt* of the EEOC's Notice of Suit Rights.

---

[3]Mooney was overruled in part on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003).

4

Plaintiff responds with evidence that the EEOC's Notice of Suit Rights was not even stamped until October 12, 2016, as indicated by the Pitney Bowes dated postage stamp. (Doc. No. 22, p. 4). Additionally, Plaintiff points out that the U.S. postal service's ("USPS") tracking results show that the EEOC's Notice of Suit Rights was not received by the USPS until October 14, 2017. (Doc. No. 23, p.5). Thus, applying Defendant's three-day mailing presumption to the October 14, 2017 mailing date, Plaintiff's suit is timely filed. Furthermore, Plaintiff provided evidence that his counsel did not receive the EEOC's Notice of Suit Rights until October 28, 2016. (Doc. No. 23, ¶ 3). Accordingly, the Court rejects Defendant's argument that Plaintiff is not a proper representative because his ADEA claim is time-barred.

### C. Scope of the EEOC Charge

Next, Defendant argues that conditional certification is not warranted for the proposed nationwide class covering a ten-month period, because Plaintiff's EEOC charge does not give adequate notice that such class claims are being asserted. In his charge of discrimination, Plaintiff states the following:

> I am 53 years of age. I was terminated, supposedly as a result of a reduction in force, although my team has always had more work than the projected staffing requirements and the company had record sales and profits for many years. It became apparent over the years that [Defendant] rarely lets non-officers work until they retire. Instead, [Defendant] has a pattern hiring young employees and then terminating the older employees once the younger hires are trained. On the day of my termination *5* of the 7 employees let go were over 50 and had at least 10 years with the company. [Defendant] often says "young people are our future."

(Doc. No. 16-3, p. 8). Furthermore, the charge form asks the for the earliest date on which the discrimination took place, and Plaintiff stated June 12, 2015. Thus, according to Defendant, at best this charge put Defendant and the EEOC on notice that Plaintiff may be pursuing age

5

discrimination claims on behalf of himself and the four other employees terminated on the same day. This Court agrees with Defendant.

As explained by one court:

> It is clear that in order to serve as the basis for an ADEA [collective] action, the underlying EEOC charge must give adequate notice of the scope of the class. It is required that there "be some indication that the grievance affects a group of individuals defined broadly enough to include those who seek to piggyback on the claim," and the charge must alert the EEOC that "more is alleged than an isolated act of discrimination." The individual charge-filing requirement is designed to put the EEOC and the employer on notice of the allegations. Consistent with this purpose, the piggybacking rule is designed to allow non-filing plaintiffs to rely on the charges of filing plaintiffs when it would be a useless act for the non-filing plaintiffs to file their own charges.

Stone v. First Union Corp., 203 F.R.D. 532, 538 (S.D. Fla. 2001)(citations omitted).

Plaintiff's EEOC charge cannot be read to give notice that he is asserting claims on behalf of a nationwide class of employees. While Plaintiff alleges that non-officers are rarely allowed to work until retirement and that Defendant hires younger employees and then terminates older employees, these allegations can only be viewed as Plaintiff's perception as to what is going on at his work location. Plaintiff provides no allegations in the charge to support his contention that the charge provides notice of a nationwide class.

Additionally, Plaintiff explicitly states in the charge that the earliest date of discrimination occurred on June 12, 2015—the date he was terminated in the RIF. This explicit statement in the charge conflicts with Plaintiff's current position that the charge should cover all age discrimination occurring within 300 days prior to the filing of his charge. Accordingly, the Court finds that Plaintiff's EEOC charge does not give adequate notice that claims are being asserted by a nationwide class over a ten-month period. As such, conditional certification for

such a class is not warranted. The Court agrees with Defendant that, at best, Plaintiff's charge put Defendant and the EEOC on notice that Plaintiff may be pursuing age discrimination claims on behalf of himself and the four other employees terminated on the same day at his Tampa work location.

### D. Scope of Proposed Class

Assuming arguendo that Plaintiff's EEOC charge did provide adequate notice that ADEA claims are being asserted on behalf of a nationwide class over a ten-month period, the Court would still find that conditional certification of the proposed class is not warranted. As pointed out by Defendant, the scope of the proposed class is too large and diverse to consist solely of employees that are similarly situated to Plaintiff. Plaintiff seeks to conditionally certify a nationwide class of former employees who were terminated from October 28, 2014 through August 24, 2015 and who were at least 40 years old at the time of their termination.

Defendant opposes the proposed nationwide class and points out that it employs approximately 976 employees in 50 locations across 17 states. (Doc. No. 18-1, ¶ 4). Furthermore, Defendant's business operations are structured into five divisions: (1) Aerospace and Defense, (2) Aviation, (3) Corporate, (4) Transportation Infrastructure, and (5) Transportation Construction Management. (Doc. No. 18-1, ¶ 5). The proposed class would encompass employees from various divisions employed in 15 cities across the country. (Doc. No. 18-1, ¶ 12). However, Plaintiff and the two opt-in plaintiffs all worked only in the Transportation Infrastructure division at Defendant's Tampa location. (Doc. No. 18-1, ¶ 9).

Furthermore, Defendant points out that the proposed class would encompass employees who were selected for termination by different decision-makers. (Doc. No. 18-1, ¶ 12). Michael

7

Dixon, who is 52 years old, made the decision to terminate Plaintiff and the two opt-in plaintiffs during the June 2015 RIF. (Doc. No. 18-2, ¶ 7). Dixon played no role in the selection of any employees for termination during the June 2015 RIF other than the seven employees terminated at the Tampa location (five of which were over 50 years old). (Doc. No. 18-2, ¶ 8). Dixon has never been involved in a decision to terminate any employee outside of the Tampa Transportation Infrastructure division. (Doc. No. 18-2, ¶ 9).

Before a court grants a motion for conditional certification, the court should find that: (1) there are other employees who desire to opt-in; and (2) those employees are similarly situated to the plaintiff. See Brooks v. BellSouth Telecommunications, Inc., 164 F.R.D. 561, 566 (N.D. Ala. 1995). Accordingly, the Court will address both elements.

### 1. Desire by Others to Opt-in

In order for this Court to conditionally certify the proposed class, Plaintiff must show that there is a reasonable basis for his contention that there are other employees who desire to opt into this litigation. See Kubiak v. S.W. Cowboy, Inc., 2014 WL 2625181, at *8 (M.D. Fla. June 12, 2014)(citations omitted). "This burden is not onerous." Id. (citation omitted). As explained by one court:

> Evidence of other employees who desire to opt in may be based on affidavits, consents to join the lawsuit, or expert evidence on the existence of other similarly-situated employees. In making this showing, a plaintiff cannot rely on speculative, vague, or conclusory allegations. Instead, the plaintiff must offer detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary. Indeed, a plaintiff must proffer a minimum quantum of evidence to warrant the creation of a collective [action]. The mere anticipation that others may want to join the lawsuit or the mere presence of a uniformly adverse . . . policy is insufficient by itself. Moreover, [c]ertification of a collective action and notice to a potential class is not appropriate to determine *whether* there are

8

others who desire to join the lawsuit.

Id. (internal citations and quotation marks omitted).

In this case, only two employees have chosen to opt into this lawsuit. Those employees were both part of the June 2015 RIF that affected the Tampa Transportation Infrastructure division. There is no evidence before the Court that any other employees outside of Tampa are interested in joining this lawsuit. Nor is there any evidence that any employees, whether employed in Tampa or elsewhere, terminated any time before the June 2015 RIF are interested in joining this lawsuit. As previously stated, "[c]ertification of a collective action and notice to a potential class is not appropriate to determine *whether* there are others who desire to join the lawsuit." Id.

Instead, the evidence before the Court shows that three of the five individuals that are over 50 and were terminated during the June 2015 RIF want to pursue ADEA claims. This evidence only supports the contention that the other two individuals that are over 50 and were terminated during the June 2015 RIF in Tampa may want to join in this lawsuit.

### 2. Similarly Situated

Plaintiff is also required to show that he is similarly situated to the proposed class. Plaintiff only needs to show that his position is similar, not identical, to the positions held by the proposed class members. See Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996). Furthermore, the Grayson court explained:

> The plaintiff[] bear[s] the burden of demonstrating a reasonable basis for [his] claim of class-wide discrimination. The plaintiff[] may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary.

9

Id. at 1097 (quotation marks and citations omitted).  As explained below, Plaintiff has not satisfied his burden of showing that he is similarly situated to his proposed nationwide class.

In order to be similarly situated, Plaintiff must show that: (1) the proposed class consists of former employees that were terminated by Defendant, and (2) at the time of termination, each person was at least 40 years old.  However, that is not the extent of the inquiry; mere proof of those two characteristics does not carry Plaintiff's burden of showing that he is similarly situated to the proposed class.  See Stone, 203 F.R.D. at 542.  Plaintiff must also show that his position is similar to the positions held by the proposed class members.  Plaintiff has not done this for the proposed nationwide class.

Plaintiff does not limit the positions of the people included in the proposed nationwide class.  Instead, Plaintiff includes all former employees who were terminated by Defendant from October 28, 2014 through August 24, 2015 and who were at least 40 years old at the time of their termination.  However, as pointed out by Defendant, the proposed class would encompass employees from various divisions employed in 15 cities across the country.  Furthermore, the class would include people that were not terminated in the June 2015 RIF, and the decision-makers for their terminations would differ.  The Court agrees with Defendant that Plaintiff has not shown that the members of the proposed class are similarly situated to him.  See Brooks, 164 F.R.D. at 569 (denying motion for conditional certification where the proposed class included employees from nine states, within separate departments, and under separate supervisors); Stone, 203 F.R.D. at 543 (denying motion for conditional certification where the proposed class mixed employees with different job titles from all levels of the company).

While Plaintiff attempts to assert a company-wide pattern and practice of age

discrimination, he has not shown a sufficient factual basis on which a reasonable inference could be made that Defendant had a pattern or practice of discriminating against all employees at all locations based on their age. The evidence that Plaintiff has submitted could only support his contention of a pattern and practice of age discrimination within the Tampa location. The affidavits filed by Plaintiff do not identify by name or specific job title the people that made the alleged discriminatory statements, and without such information, the Court will not assume that these vague allegations support a nationwide pattern and practice of age discrimination. See Brooks, 164 F.R.D. at 567. For these reasons, the Court finds that Plaintiff has not shown that he is similarly situated to his proposed nationwide class. Instead, the evidence before the Court shows that Plaintiff may be similarly situated to the other four people who were terminated in Tampa during the June 2015 RIF.

Accordingly, the Court denies Plaintiff's motion to conditionally certify a nationwide class of former employees who were terminated from October 28, 2014 through August 24, 2015 and who were at least 40 years old at the time of their termination. However, the Court will conditionally certify a class consisting of the five individuals that were terminated from the Tampa location during the June 2015 RIF.

### E. Proposed Notice

Next, Defendant objects to the proposed notice and argues that the Court should have the parties confer regarding the proper form of the notice. The Court agrees with Defendant that the parties should confer regarding the proposed notice. Due to the Court considerably reducing the scope of the class, the proposed notice is not sufficient. As such, the Court directs the parties to confer and submit a joint proposed notice (along with a motion to approve the proposed notice)

11

by May 4, 2017.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Conditional Certification (Doc. No. 16) is **GRANTED IN PART AND DENIED IN PART**: The motion is granted to the extent that the Court conditionally certifies a class consisting of the five individuals who were over 40 years old at the time of their termination and were terminated from the Tampa location during the June 2015 RIF. Otherwise, Plaintiff's motion is denied. The parties are directed to confer and submit a joint proposed notice (along with a motion to approve the proposed notice) by *May 4, 2017*.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of April, 2017.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record