UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRADLEY JONES, on behalf of
himself and others similarly
situated,

        Plaintiffs,

v.                                                                                           Case No. 8:17-cv-54-T-24 JSS

RS&H, INC.,

        Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Reconsideration of Order on Conditional Certification. (Doc. No. 27). Defendant opposes the motion. (Doc. No. 28). As explained below, Plaintiff's motion is denied.

**I. Background**

On January 6, 2017, Plaintiff filed an age discrimination complaint under the Age Discrimination in Employment Act and the Florida Civil Rights Act. (Doc. No. 1). In his complaint, Plaintiff Bradley Jones alleges the following: Plaintiff worked for Defendant RS&H, Inc. from August 5, 1991 through June 12, 2015 when he was terminated.[1] When Defendant terminated Plaintiff, Defendant stated that his termination was part of a reduction-in-force ("RIF"). Defendant terminated 23 employees nationwide during this RIF; Defendant terminated seven employees within the Tampa location where Plaintiff worked. Five of the seven

---

[1] Defendant "is a multi-disciplined design firm that provides fully integrated architecture, engineering, and consulting services to help its clients realize their most complex facility and infrastructure projects for land, air, and space." (Doc. No. 18-1, ¶ 3).

employees terminated at the Tampa location were over 50 years old.

Plaintiff, who was 53 years old at the time of his termination, believes that he was terminated due to his age. Plaintiff and the two opt-in plaintiffs[2] filed affidavits in support of their allegations of age discrimination in which they state the following: They had more than enough work, and as such, there was no need for their termination or a RIF. (Doc. No. 16-4, ¶ 5; Doc. No. 16-3, ¶ 5–6; Doc. No. 16-5, ¶ 5). Defendant rarely allowed non-officers to work until they retired. (Doc. No. 16-4, ¶ 9; Doc. No. 16-3, ¶ 10; Doc. No. 16-5, ¶ 9). Instead, Defendant hired young employees and then terminated the older employees once the younger hires were trained. (Doc. No. 16-4, ¶ 9; Doc. No. 16-3, ¶ 10; Doc. No. 16-5, ¶ 9). According to Plaintiff, one of Defendant's supervisors commented just prior to the RIF that he had been informed that Defendant was looking to reduce staff, specifically the older personnel. (Doc. No. 16-3, ¶ 12). Additionally, Defendant's agents often said, "Young people are our future." (Doc. No. 16-3, ¶ 13; Doc. No. 16-5, ¶ 11).

## II. Order on Conditional Certification (Doc. No. 24)

Plaintiff initially moved to conditionally certify a nationwide class of former employees who were terminated from October 28, 2014 through August 24, 2015 (i.e., within 300 days prior to Plaintiff's filing of his EEOC charge) and who were at least 40 years old at the time of their termination. Defendant opposed the motion. The Court granted conditional certification for a much narrower class than that requested by Plaintiff; the Court granted conditional certification of a class consisting of the five employees at the Tampa location that were

---

[2]The two opt-in plaintiffs are Paula Taylor and Hamid Ashtari, both of whom worked at the Tampa location and were terminated during the June 2015 RIF.

terminated in the June 2015 RIF who were at least 40 years old at the time of their termination. (Doc. No. 24).

The Court found that the scope of the nationwide class for which Plaintiff requested conditional certification was too broad. Specifically, the Court found that Plaintiff's EEOC charge did not place the EEOC or Defendant on notice of nationwide claims, stating:

> Plaintiff's EEOC charge cannot be read to give notice that he is asserting claims on behalf of a nationwide class of employees. While Plaintiff alleges that non-officers are rarely allowed to work until retirement and that Defendant hires younger employees and then terminates older employees, these allegations can only be viewed as Plaintiff's perception as to what is going on at his work location. Plaintiff provides no allegations in the charge to support his contention that the charge provides notice of a nationwide class.

(Doc. No. 24, p. 6).

Additionally, the Court provided an alternative basis for denying conditional certification for the nationwide class—the scope of the proposed nationwide class is too diverse to consist solely of employees that are similarly situated to Plaintiff. The Court pointed out that before a court grants a motion for conditional certification, the court should find that: (1) there are other employees who desire to opt-in; and (2) those employees are similarly situated to the plaintiff.

In this case, only two employees have chosen to opt into this lawsuit. Those employees were both part of the June 2015 RIF that affected the Tampa Transportation Infrastructure division. The Court noted that there is no evidence before the Court that any other employees outside of Tampa are interested in joining this lawsuit, and "[c]ertification of a collective action and notice to a potential class is not appropriate to determine *whether* there are others who desire to join the lawsuit." Kubiak v. S.W. Cowboy, Inc., 2014 WL 2625181, at *8 (M.D. Fla. June 12, 2014)(quotation marks and citation omitted).

Furthermore, the Court found that Plaintiff did not satisfy his burden of showing that he is similarly situated to his proposed nationwide class. Plaintiff must show that his position is similar to the positions held by the proposed class members. Plaintiff had not done this for the proposed nationwide class, whose members are in a different division in different states with different decision-makers involved in their terminations.

As a result, the Court granted conditional certification of a class consisting of the five employees at the Tampa location that were terminated in the June 2015 RIF who were at least 40 years old at the time of their termination. In response, Plaintiff filed the instant motion for reconsideration.

### III.  Motion for Reconsideration

Plaintiff now seeks conditional certification of the narrower class of 21 people terminated nationwide during the June 2015 RIF that were over 40 years old at the time of their termination. There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted). Plaintiff does not address the standard for reconsideration, and as such, the Court is left to guess the basis on which he is proceeding.

It appears that Plaintiff may be proceeding on the theory of availability of new evidence; specifically, evidence of the EEOC's investigation into his charge of discrimination that was recently turned over to Plaintiff in discovery. When investigating Plaintiff's charge of

4

discrimination, the EEOC asked Defendant to provide the name, age, position, and department for the 23 employees that were terminated during the June 2015 nationwide RIF. (Doc. No. 27-1, p. 6). Defendant's response to the EEOC's request shows that 21 of the 23 people terminated during the June 2015 nationwide RIF were over 40 years old. (Doc. No. 27-1, p. 9). Plaintiff contends that the EEOC's request for information regarding the employees affected by the RIF nationwide shows that the EEOC and Defendant were on notice that Plaintiff's charge of discrimination included a nationwide class. Furthermore, Plaintiff contends that the fact that 21 of the 23 employees terminated during the June 2015 RIF were over 40 provides evidence of a significant age bias.

Even accepting this new evidence, the Court remains convinced that its ultimate conclusion—that conditional certification is only warranted for a class consisting of the five Tampa employees terminated during the June 2015 RIF that were over 40 years old—is correct. Plaintiff has not shown that the Court's alternative basis for its conclusion—that Plaintiff has not shown that there are other employees that were employed outside of Tampa who desire to opt-in and that those employees are similarly situated to Plaintiff—is wrong. The now narrower proposed nationwide class still consists of employees employed in a different division[3] located in ten cities in four states. (Doc. No. 28-1, p. 2). The narrower proposed nationwide class still involves different decision-makers involved in the terminations.

Thus, Plaintiff's motion for reconsideration must be denied, as conditional certification is not warranted for a nationwide class consisting of the 21 people that were terminated during the

---

[3]The RIF applied to Defendant's Aerospace and Transportation divisions. (Doc. No. 27-1, p. 2).

June 2015 RIF that were over 40 years old at the time of their termination. Plaintiff merely disputes the correctness of the Court's decision and attempts to re-assert arguments that have already been rejected by the Court.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration of Order on Conditional Certification (Doc. No. 27) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of May, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record