UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRADLEY JONES,
on behalf of himself and others
similarly situated,

        Plaintiff,

v.

RS&H, INC.,

        Defendant.
_____/

Case No: 8:17-cv-54-T-24JSS

## PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT

Plaintiff Bradley Jones (hereafter "Plaintiff"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 33, requests that Defendant RS&H, Inc. (hereafter "Defendant"), answer under oath and in writing, the following interrogatories **within 30 days** of service of this request. The following definitions and instructions apply to these interrogatories:

### DEFINITIONS AND INSTRUCTIONS

A.    In answering these interrogatories, you are to furnish all information available to you, including information in the possession of your agents, servants, employees, attorneys, expert witnesses, and all other persons over whom Defendant has control or authority or who have been hired, retained or employed by Defendant. If you refer to a document, memorandum, record, paper, letter, or written or printed material of any kind for the purpose of answering any interrogatory, identify such document as defined herein.

B.    When, after a reasonable and thorough investigation using due diligence, you are unable to answer any interrogatory, or some part thereof, because of lack of information available to you, specify, in full and complete detail, the reason the information is not available to you and what has been done to locate such information. In addition, specify what knowledge you do have concerning the unanswered portion of the interrogatory and set forth the facts upon which such knowledge is based.

C.    Where an interrogatory does not request a specific fact, but where a specific fact

**Exhibit A**

or facts are necessary to make the answer to the interrogatory either comprehensible, complete or not misleading, the interrogatory shall be construed to request such fact(s).

D. If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

1. The nature of the privilege claimed (including work product);

2. The date of the document or oral communication;

3. If a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee and, if not apparent, the relationship between the author and addressee;

4. If an oral communication: the place where it was made, the names of the persons present while it was made and, if not apparent, the relationship of the persons present to the declarant; and

5. The general subject matter of the document or oral communication.

E. Unless specified otherwise, as used herein, the term "**identity**" or "**identify**":

1. When used in reference to a natural person, requests the following information with respect to such person:

   a. Full name;
   b. Date of birth;
   c. Present or last known residence address, email address and telephone numbers; and
   d. Present or last known business address and the applicable time period at such address;

2. When used in reference to a business entity, requests the following information:

   a. The full and complete business name and principal place of business;
   b. The primary location in which the entity does business; and
   c. The primary person at such business with whom you dealt;

3. When used in reference to a document, requests the following information with respect to such document:

   a. Its date;
   b. Its author(s);

      c.      The type of document (e.g., letter, memorandum, telegram, chart, invoice, receipt, purchase order, statement, photograph, sound reproduction, etc.);

      d.      The nature and substance of the document; and

      e.      Its present location and the name of each of its present custodians.

F.    As used herein, the word "**or**" should not be read so as to eliminate any part of the interrogatory, but, whenever applicable, it should be read to include the same meaning as the word "and." For example, an interrogatory stated support or refer should be read as support or refer or both.

G.    Unless specified otherwise, as used herein, the term "**relevant period**" refers to the date Defendant hired Plaintiff to the present.

## **INTERROGATORIES**

1.  Identify each reduction-in-force you implemented during the years 2014, 2015, 2016 including specifying the departments and locations affected and the identity of the individual(s) involved in the decision-making and/or implementation of the reduction-in-force (***Please refer to the definition of "Identify" in responding to this interrogatory***).

    **ANSWER**:

2. State the name and business address of each expert witness you may call at the trial of this case, specify the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

**ANSWER**:

3. Identify each employee terminated or considered for termination in a reduction-in-force in the year 2014, 2015 or 2016 and specify: (1) the title and date of birth of the individual, (2) whether the employee was released, (3) the eligibility factors considered, and (4) identify the decision-maker(s) involved in the termination. (***Please refer to the definition of "Identify" in responding to this interrogatory***).

**ANSWER**:

    4.       Please state your net worth for the years 2015, 2016 and 2017.

**ANSWER**:

## **VERIFICATION**

RS&H, INC.

By: _____
Print Name: _____
Its: _____

## **JURAT**

STATE OF FLORIDA
COUNTY OF _____

THE FOREGOING INSTRUMENT was acknowledged before me this _____ day of _____, 2017, by _____, the _____ of RS&H, Inc., who is _____ personally known to me or who has produced_____ as identification and who did take an oath, acknowledging that all of the foregoing Answers to Interrogatories were answered truthfully and completely to the best of his/her knowledge, information and belief.

_____
Notary Public
Commission Expiration Date: _____
Commission No: _____

SHANKMAN LEONE P.A.

*/s/ Kendra D. Presswood*
Kendra D. Presswood
Florida Bar No. 0935001
kpresswood@shankmanleone.com
707 N. Franklin Street, 5th Floor
Tampa, Florida 33602
Phone: (813) 223-1099; Fax: (813) 223-1055
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY I HEREBY CERTIFY that on November 27, 2017, I served the foregoing via electronic mail on the following: Lori S. Patterson, Esq. (lspatterson@rtlaw.com), Samuel J. Horovitz, Esq. (shorovitz@rtlaw.com) and Kim Bouchard-Chaimowiz, Esq. (kbouchardc@rtlaw.com), Rogers Towers, 1301 Riverplace Blvd., Suite 1500, Jacksonville, Florida 32207.

*/s/ Kendra D. Presswood*
Attorney