UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRADLEY JONES,
on behalf of himself and others
similarly situated,

        Plaintiff,

v.

RS&H, INC.,

        Defendant.
_____/

Case No: 8:17-cv-54-T-24JSS

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff Bradley Jones (hereafter "Plaintiff"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 34, requests that Defendant RS&H, INC. (hereafter "Defendant"), produce for inspection and/or copying the following documents **within 30 days** of service of this request. The following definitions and instructions apply to these requests:

### DEFINITIONS

A. The term "**Defendant**" means Defendant RS&H, INC., including its agents, servants, employees, attorneys, expert witnesses, and all other persons over whom Defendant has control or authority or who have been hired, retained or employed by Defendant.

B. The term "**document(s)**" includes any and all writings, drawings, graphs, charts, photographs, video recordings, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained. Unless otherwise stated in a particular request, a request for "documents" should be construed as also asking for electronically stored information and as seeking production of the electronic information in both electronic and hard copy formats. Likewise, a request for "documents" should be construed as requesting all drafts or versions of a requested document.

C. The term "**correspondence**" means any communication regardless of the method or format, that is, whether the communication is oral or written, formal or informal, in person, via telephone, videoconference, computer, other electronic means, or any other method. It shall include without limitation letters, memoranda, notes, minutes, logs and/or recordings of

**Exhibit B**

conversations and/or meetings, electronic mail, instant messages, voice mails, posts to Internet or Intranet sites and/or blogs, and video and/or audio recordings in any format. Any request for "correspondence" shall include any and all communications between the identified persons or any combination thereof, regardless of who sent or received the communication, and regardless of whether the communication included other individuals.

D. The term "**relating to**" means concerning, respecting, referring to, relevant to, summarizing, digesting, documenting, recording, noting, containing, embodying, reflecting, identifying, establishing, tending to establish, evidencing, supporting, compromising, connected with, commonly known as, responding to, agreeing or disagreeing with, showing, describing, discussing, mentioning, analyzing, representing, constituting or including.

E. The term "**person**" means any individual or entity, including associations, companies, partnerships, firms, joint ventures, corporations, public agencies, departments, bureaus, boards or any other private, government or legal entity.

F. The terms "**and**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

G. The term "**relevant period**" refers to the period from January 1, 2014, through December 31, 2016, unless otherwise specified in the request.

## INSTRUCTIONS

A. **Production can be accomplished by either emailing or mailing copies of responsive documents (either in paper or electronic format) to the undersigned counsel within thirty (30) days of the date of service hereof, or by contacting the undersigned counsel to schedule a mutually agreeable date, time and place to produce the original documents for inspection and copying if Defendant is not agreeable to emailing or mailing the copies within 30 days. Plaintiff reserves the right to inspect the originals at a later date if copies are produced.**

B. When producing "**electronically stored information**," you shall produce such information without deletion or alteration of meta-data, in its native form; indicate the computer hardware and the software program(s) needed to translate the information into useable form; produce the software needed to translate the information into useable format; and include information that indicates when and by whom the document or item was created, edited, sent and/or opened.

C. Your response to this request for production shall include all documents and information within your possession, custody or control, including but not limited to that which is within the possession, custody or control of any of your agents, employees, accountants, consultants, attorneys, or other representatives.

D. The documents produced for inspection pursuant to this request shall be produced either as they are kept in the usual course of business by you or you shall organize and

2

label the documents to correspond with the individually numbered categories of this request.

      E.    In the event that more than one copy or draft of a document or any electronically stored information exists, the original shall be produced, as well as every copy or draft containing different information and/or containing notations or markings of any sort not appearing on the original.

      F.    If any document or item, or any portion thereof, is being withheld because of a claim of privilege or a claim that it is subject to protection for any other reason, provide a list of such document(s) or portion(s) thereof and a statement of particulars sufficient to support a motion to compel or for <u>in camera</u> inspection and to enable the parties and the Court to assess the validity of your claim of privilege or protection as to each document or item. Generally, such identification should include:

    a.    The nature or type of document, communication or thing not produced (e.g., memorandum, report, draft, letter, etc.);

    b.    The general subject matter of the document or portion thereof for which privilege is claimed;

    c.    The date or approximate date of the document;

    d.    An express statement of the basis for withholding production;

    e.    The identity of the author(s), addressee(s) and any other recipient(s) of the document, communication or thing and/or any draft or copy thereof; and

    f.    Each person to whom the original or a copy thereof was sent or delivered and any others who at any time possessed the document or a copy thereof.

## **DOCUMENTS TO BE PRODUCED**

1. A computer-readable data file(s) (i.e., electronically stored information) containing the names, dates of birth, dates of employment, position, department and last-known addresses and telephone numbers of all former employees terminated in a reduction-in-force during the relevant period and of those individuals retained in each reduction-in-force, or, if no such date file(s) exist, then records reflecting this information.

2. Personnel and payroll records (excluding any health or medical information) for former employees terminated in a reduction-in-force during the relevant period.

3. Time sheets for former employees for the year preceding the individual's termination for those terminated in a reduction-in-force during the relevant period.

4. Records reflecting the projects each former employee worked on during the year preceding the individual's termination for those former employees who were terminated in a reduction-in-force during the relevant period.

5. Correspondence and documents in which you or any of your agents or employees referenced agents or employees as "young," "younger," "old," "older," "young people" or "young engineers."

6. Personnel records (excluding any health or medical information) for any individual(s) involved in the decision to terminate employees as part of any reduction-in-force during the relevant period.

7. Correspondence, statements, notes, recordings or other records concerning the decision to terminate, including the reason(s) for the decision, for individuals terminated in a reduction-in-force during the relevant period.

8. Job descriptions that were in effect during the relevant period.

9. Job postings or announcements during the relevant period.

10. Records reflecting the names and dates of birth of individuals assigned or hired to replace or perform duties of the individuals terminated in a reduction-in-force during the relevant period.

11. Personnel records (excluding any health or medical information) for individual(s) assigned or hired to replace the individuals terminated in a reduction-in-force during the relevant period and/or for individuals assigned to perform the former duties of the individuals who were terminated.

12. Records reflecting that you provided individuals terminated in any reduction-in-force implemented during the relevant period with a list of the individuals released, eligibility factors considered, job titles and ages of individuals eligible or selected and of those not eligible or selected or, if no such records exist, then records reflecting why you did not provide the lists to individuals terminated.

13. Records reflecting that you provided waivers to individuals terminated in any reduction-in-force implemented during the relevant period as well as records reflecting that waivers were executed by the terminated employees.

14. Records reflecting any damages calculations you have made for the Plaintiff and/or Opt-In Plaintiffs in this case.

15. Metadata in native format for the following documents produced by you: DEF000589, DEF000591-592, DEF000597-598, DEF001212, DEF001238, DEF001239-1240, DEF001241-1242.

16. Records and underlying data supporting the information contained in the following documents produced by you including the metadata in native format for any such records and/or data: DEF000589, DEF000591-592, DEF000597-598, DEF001212, DEF001238, DEF001239-1240, DEF001241-1242.

17. Correspondence and/or records reflecting discussions between you and any and all expert witnesses you expect to call at trial.

18. Documents provided by you to any individual whom you expect to call as an expert witness at trial, and all documents used by such individual as a basis for formulating the opinions to which he or she is expected to testify at trial or in any pretrial deposition.

19. Bills and/or invoices submitted by any expert witness whom you expect to call to testify at trial in this matter.

20. Literature, articles, abstracts or reports provided by any expert witness who is expected to testify in conjunction with this matter at the time of trial.

21. Documents you have provided any expert witness or other witness that may testify at trial in regard to any matter that is the subject of this lawsuit.

22. Records reflecting the projected versus active weighted revenues for all projects, regardless of stage, for the period of May 2015 through April 2016.

SHANKMAN LEONE P.A.

*/s/ Kendra D. Presswood*
Kendra D. Presswood
Florida Bar No. 0935001
kpresswood@shankmanleone.com
707 N. Franklin Street, 5th Floor
Tampa, Florida 33602
Phone: (813) 223-1099; Fax: (813) 223-1055
*Attorneys for Plaintiff*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 27, 2017, I served the foregoing via electronic mail on the following: Lori S. Patterson, Esq. (lspatterson@rtlaw.com), Samuel J. Horovitz, Esq. (shorovitz@rtlaw.com) and Kim Bouchard-Chaimowiz, Esq. (kbouchardc@rtlaw.com), Rogers Towers, 1301 Riverplace Blvd., Suite 1500, Jacksonville, Florida 32207.

*/s/ Kendra D. Presswood*
Attorney