UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRADLEY JONES,

    Plaintiff,

v.                                                         Case No: 8:17-cv-54-T-24JSS

RS&H, INC.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Deposition Testimony and Motion for Sanctions ("Motion") (Dkt. 39), and Defendants' response in opposition (Dkt. 45). On January 23, 2018, the Court held a hearing on the Motion, along with several other discovery motions. For the reasons that follow, the Motion is denied.

## BACKGROUND

Plaintiff Bradley Jones filed an age discrimination complaint under the Age Discrimination in Employment Act and the Florida Civil Rights Act, alleging that he and other similarly-situated persons were terminated by Defendant based on their age. (Dkt 1.)[1] Plaintiffs deposed Defendant's corporate representative Angelique R. Brown on November 28, 2017. (Dkt. 38.) As part of this deposition, Plaintiffs questioned Ms. Brown about her discussions with Kenneth Jacobsen regarding Defendant's termination of employees in June 2015, which included Plaintiffs. In the Motion, Plaintiffs seek further testimony from Ms. Brown "regarding the information and communication with [Defendant's] in-house counsel" Mr. Jacobsen. (Dkt. 39 at 12.)

---

[1] The presiding district court judge has conditionally certified a class consisting of five individuals "who were over forty years old at the time of their termination and were terminated from the Tampa location during the June 2015 RIF." (Dkts. 24, 26.)

## APPLICABLE STANDARDS

As here, when the court's jurisdiction is premised on a federal question in a civil case, federal law of privilege applies. *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992); *see* Fed. R. Evid. 501 (providing that federal common law governs a claim of privilege unless the United States Constitution, federal statute, or rules prescribed by the Supreme Court provide otherwise). The attorney-client privilege protects the disclosures that a client makes to his attorney, in confidence, for the purpose of securing legal advice or assistance. *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir. 1994).

## ANALYSIS

### I. Purpose of Communications

First, Plaintiffs argue that Defendant cannot establish that communications between Ms. Brown and Mr. Jacobsen are protected by the attorney-client privilege, arguing that Ms. Brown's "vague testimony regarding discussions with in-house counsel make it unclear whether the in-house counsel was providing legal advice regarding the whether the RIF [termination of employees] was lawful under the ADEA or FCRA, or if counsel was acting as the decision-maker determining to go forward with the RIF." (Dkt. 39 at 4–6.)

While it is true that "[w]hen advice given by an attorney relates to both business and legal matters, the legal advice must predominate for the attorney-client privilege to apply," *Regions Bank v. Kaplan*, No. 8:12-CV-1837-T-17, 2015 WL 5687882, at *2 (M.D. Fla. Sept. 25, 2015), Ms. Brown's deposition testimony makes clear that she sought Mr. Jacobsen's legal advice and that Mr. Jacobsen did not act as a decision-maker in the termination decisions. Specifically, Ms. Brown testified that after it was determined that terminations were needed, local leadership selected individuals to terminate, executive leadership reviewed and approved these selections,

Ms. Brown, who worked in Human Resources, reviewed the selections, and her supervisor in Human Resources approved the selections. (Dkt. 38-1 at 98–100.) As part of her review of the selections, Ms. Brown testified that she sought Mr. Jacobsen's legal, not business, advice regarding the terminations and that Mr. Jacobsen approved terminations as part of "[o]verall legal review and counsel." (*Id.* at 134.) Mr. Jacobsen, as in-house counsel, did not rank above Human Resources. (*Id.* at 71–72.)

Because Ms. Brown's testimony is clear that she sought Mr. Jacobsen's legal advice regarding the terminations and that he was not a decision-maker regarding the underlying business rationale for the terminations, the Court rejects Plaintiffs' contention that further testimony is needed to determine whether the purpose of the communications was for business or legal advice.

## II. Waiver of Attorney-Client Privilege

Next, Plaintiffs argue that even if Ms. Brown and Mr. Jacobsen's communications were attorney-client privileged communications, Defendant has waived the privilege because Ms. Brown revealed portions of these communications in her testimony and testified that Defendant relies on Mr. Jacobsen's legal advice in its defense of this case. (Dkt. 39 at 6–11) (citing Dkt. 38-1 at 134:24–135:10.) Therefore, Plaintiffs contend that "fairness requires" Plaintiffs to be permitted to discover the substance of Ms. Brown's and Mr. Jacobsen's communications. (Dkt. 39 at 11.)

The attorney-client privilege may be waived in the following instances: "(1) when a client testifies concerning portions of the attorney-client communication; (2) when a client places the attorney-client relationship directly at issue; and (3) when a client asserts reliance on an attorney's advice as an element of a claim or defense." *Regions Bank*, 2015 WL 5687882, at *2 (citing *Cox*, 17 F.3d at 1417 (explaining that waiver reflects the position that defendants cannot use the

privilege to prejudice their opponent's case "or to disclose some selected communications for self-serving purposes")).

Upon review of the portions of Ms. Brown's testimony about her communications with Mr. Jacobsen, the Court concludes that she did not, as Plaintiffs contend, reveal portions of these communications in such a manner as to waive the privilege. Instead, she answered that she sought his legal advice on the termination decisions and did not reveal any content that would result in a waiver of the privilege. (See Dkt. 38-1 at 65:17–66:14, 134:10–135:10, 187:5–11.) Plaintiffs' second contention—that because Defendant relies on Mr. Jacobsen's legal advice in defense of Plaintiffs' claims, Defendant has waived the privilege—is similarly unsupported. First, at Ms. Brown's deposition, Defendant's counsel made clear that Defendant "won't be relying on anything for which [it has] asserted a privilege." (*Id.* at 187:15–189:5.) Next, in a December 8, 2017 letter from Defendant's counsel to Plaintiffs' counsel, Defendant made clear that it "will not use the legal advice about which [Plaintiff] sought to question Ms. Brown (i.e., her communications with former in-house counsel Ken Jacobson in connection with the RIF) to support a good faith defense in this case. The Company will not, however, stipulate that it will not rely on the fact that it spoke with any counsel or received any legal advice in defense of this action." (Dkt. 39-3 ¶ 3.) Further, Defendant did not raise reliance on the advice of counsel as an affirmative defense in this action. (See Dkt. 8.) *Butterworth v. Lab. Corp. of Am. Holdings*, No. 3:08-CV-411-J-34JRK, 2010 WL 11470895, at *6 (M.D. Fla. Dec. 2, 2010) (explaining that defendant's assertion of good faith as an affirmative defense "is separate and apart from the advice it received from counsel" because defendant "has not relied on, and does not intend to rely on, [defendant's corporate representative's] deposition testimony referencing his conversations with in-house counsel to prove Defendant acted in good faith in its compliance with Title VII").

Finally, at the hearing, Defendant stipulated that it will not assert as a defense or rely on evidence of communications between Mr. Jacobsen and/or his work unit and Ms. Brown and/or other members of Human Resources regarding the RIF at issue. Therefore, as determined, Ms. Brown's communications with Mr. Jacobsen regarding the termination were attorney-client privileged communications, and Defendant did not waive the privilege. Accordingly, based on Defendant's stipulation at the hearing and the discussion herein, it is **ORDERED** that Plaintiffs' Motion to Compel Deposition Testimony and Motion for Sanctions (Dkt. 39) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on January 24, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record