UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRADLEY JONES,

    Plaintiff,

v.                                                                    Case No: 8:17-cv-54-T-24JSS

RS&H, INC.,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on (1) Plaintiffs' Motion to Compel Discovery (Dkt. 37), and Defendant's response in opposition (Dkt. 43); (2) Plaintiffs' Second Motion to Compel (Dkt. 42), and Defendant's response in opposition (Dkt. 49); (3) Plaintiffs' Motion to Compel Defendant to Provide Complete Deposition Responses Or Be Bound By Its Answers (Dkt. 40), and Defendant's response in opposition (Dkt. 47); and (4) Plaintiffs' Motion to Extend Discovery and Expert Deadlines, and to Exceed 10 Deposition Limit (Dkt. 41), and Defendant's response in opposition (Dkt. 48). On January 23, 2018, the Court held a hearing on these motions. For the reasons stated below, Plaintiff's Motion to Compel Discovery (Dkt. 37) and Plaintiffs' Motion to Extend Discovery and Expert Deadlines, and to Exceed 10 Deposition Limit (Dkt. 41) are granted in part. Plaintiff's remaining motions (Dkts. 40, 42) are denied.

## **BACKGROUND**

Plaintiff Bradley Jones filed a collective action under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and the Florida Civil Rights Act, § 760.01, *et seq.*, Fla. Stat., alleging that he and other similarly-situated persons were terminated by Defendant based on their age. (Dkt 1.) The presiding district court judge conditionally certified a class consisting of

five individuals "who were over forty years old at the time of their termination and were terminated from the Tampa location during the June 2015" reduction in force ("RIF"). (Dkts. 24, 26.) The parties conducted discovery related to the claims and defenses at issue in the case, but discovery disputes have arisen.

## APPLICABLE STANDARDS

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). In an age discrimination case, a plaintiff establishes a prima facie case "by presenting direct evidence of discriminatory intent; by meeting the test set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); or by demonstrating through statistics a pattern of discrimination." *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990). In RIF cases, such as this, a plaintiff must demonstrate the following:

> (1) he was a member of the age group protected by the ADEA and was adversely affected by an employment decision; (2) he was qualified for his current position or to assume another position at the time of discharge; and (3) there is evidence from which a reasonable factfinder could conclude that the employer intended to discriminate on the basis of age in making its employment decision. If the plaintiff satisfies this burden, the employer then must offer a legitimate, non-discriminatory reason for the employment action. If the employer does so, the plaintiff bears the ultimate burden of demonstrating that the employer's proffered reasons are a pretext for discrimination.

*Mitchell v. USBI Co.*, 186 F.3d 1352, 1354 (11th Cir. 1999) (citations omitted).

## ANALYSIS

In the motions to compel (Dkts. 37, 42), Plaintiffs seek, in most instances, company-wide discovery related to the termination at issue as well as other RIFs conducted by Defendant. At the hearing, after lengthy argument from both parties, the Court granted Plaintiffs' first motion to compel (Dkt. 37), except that the Court limited the scope of the discovery requests to the employing unit described in the conditional class certification order, Defendant's "Tampa

location." (Dkt. 24.) *See Earley*, 907 F.2d at 1084 ("Where, as here, the employment decisions were made locally, discovery on intent may be limited to the employing unit.").

Plaintiffs' second motion to compel (Dkt. 42) is denied because the discovery requests at issue were never served on Defendant. Requests for production and interrogatories may be served "by electronic means if the person consented in writing." Fed. R. Civ. P. 5(a)(1)(C), (b)(2)(E). Consent "must be express, and cannot be implied from conduct." Fed. R. Civ. P. 5 advisory committee's note to 2001 amendment; *Martin v. Deutsche Bank Sec. Inc.*, 676 F. App'x 27, 29 (2d Cir. 2017) (explaining that the parties' course of conduct of communicating by email is irrelevant "because the plain language of Rule 5 requires the recipient of electronic service to have 'consented in writing,'" and "the advisory committee notes to the Rule explain that the requisite consent 'must be express, and cannot be implied from conduct'"); *Harper v. City of Dallas, Texas*, No. 3:14-CV-2647-M, 2017 WL 3674830, at *10 (N.D. Tex. Aug. 25, 2017) ("Service of all discovery papers is controlled by Rule 5(b), which does not permit service by electronic means unless the person to be served consents in writing.").

Further, while CM/ECF registrants waive the right to personal service or service by mail of court filings, CM/ECF "[r]egistration, however, does not constitute consent to electronic service of a document that is not filed with the Court (e.g., Rule 26 disclosure or a discovery request)," and the registrant must "consent to electronic service of such documents separately, in writing." M.D. Fla. Admin. Proc. Elec. Filing § II.B.2 (2015). The certificates of service for the interrogatories and requests for production at issue show that Plaintiffs served them electronically. (Dkts. 42-1 at 9; 42-2 at 6.) Defendant did not consent in writing to electronic service of discovery requests. (Dkts. 42-3 at 2, 42-4 at 2.) Accordingly, Defendant's objections for failure to be served (Dkts. 42-3 at 1–2, 42-4 at 1–2), are sustained, and the second motion to compel is denied. *BCJJ,*

*LLC v. LeFevre*, No. 8:09-CV-551-T-17EAJ, 2012 WL 3262866, at *2 (M.D. Fla. Aug. 8, 2012) (denying a motion because there was no evidence that the recipient ever consented in writing to electronic service); *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 228 (S.D.N.Y. 2012) (same); *Wright-Jackson v. HIP Health Plan*, No. 07 CIV. 1819 (DFE), 2009 WL 1024244, at *7 (S.D.N.Y. Apr. 15, 2009) (same); *Bernath v. Seavey*, No. 2:15-CV-358-FTM-99CM, 2016 WL 7013873, at *5 (M.D. Fla. Dec. 1, 2016) (deeming a pro se litigant's objections to discovery requests waived because he served them electronically where the opposing party had not consented in writing to be served with discovery electronically). While this issue could have been resolved by the parties working cooperatively to help secure the just, speedy, and inexpensive determination of their disputes, *see* Fed. R. Civ. P. 1, unfortunately the parties were unable to do so. Given Defendant's lack of consent to electronic service of discovery and Plaintiffs' failure to serve Defendant with the same discovery by mail, Rule 5 requires the denial of second motion to compel (Dkt. 42).

Regarding Plaintiffs' motion to re-depose Defendant's corporate representative, as stated at the hearing, upon review of the transcript of Defendant's corporate representative deposition (Dkt. 38-1), the Court concludes that, contrary to Plaintiffs' arguments, the corporate representative's answers are sufficient under Federal Rule of Civil Procedure 30(b)(6). Therefore, Plaintiffs' request to compel the corporate representative to appear to provide complete responses (Dkt. 40) is denied. *See Tamara Goers et al. v. L.A. Entertainment Group, Inc. et al.*, No. 2:15-CV-412-FTM-99CM, 2017 WL 2578649, at *7 (M.D. Fla. June 14, 2017) (omitting citations) (explaining that "[s]imply [ ] because a designee cannot answer every question on a certain topic does not necessarily mean that the corporation failed to meet its Rule 30(b)(6) obligation," because

a Rule 30(b)(6) witness "need not have personal knowledge of the designated subject matter, nor the most knowledge").

Next, Plaintiffs' request to exceed the permissible number of depositions and extend the discovery deadline in order to conduct these depositions (Dkt. 41 at 9–10), is denied. First, Plaintiffs argue that four canceled depositions may need to be rescheduled because Defendant has not amended its initial Rule 26 disclosures to remove these individuals despite representing to Plaintiffs that these individuals do not have knowledge that would warrant taking their depositions. (*Id.*) Further, as to five other individuals, Plaintiffs argue that they must be deposed because Defendant's corporate representative identified them as being involved in the RIF at issue. (*Id.* at 10.) At the hearing, however, Plaintiffs could not specify the information each individual is believed to have, and Defendant stipulated to the depositions of any of these individuals it lists as a trial witness, although it does not intend to list any as trial witnesses. For these reasons, Plaintiffs' requests to exceed the permissible number of depositions and to extend discovery to conducts these depositions are denied.

Finally, Plaintiffs request an extension of their expert disclosure deadline, arguing that they could not retain and disclose an expert by their October 13, 2017 deadline (Dkt. 19), because they lacked the documents sought in the first motion to compel. (Dkt. 41 at 11.) While the presiding district court judge denied Plaintiffs' original extension request in October 2017 (Dkt. 33), Plaintiffs have provided additional information in the pending extension request, namely that in June 2017 Defendant informed Plaintiffs that it would be producing documents on a rolling basis, and then Defendants made rounds of production in June, November, and December 2017. (Dkt. 41 at 6.) Given Defendant's ongoing production of documents responsive to discovery requests propounded in February 2017 (Dkt. 37-1), including as recently as December 2017, and the Court's

partially granting Plaintiff's first motion to compel, an extension of Plaintiffs' expert disclosure deadline until **March 23, 2018**, is warranted. *See Indian Harbor Ins. Co. v. Pelican's Roost on Bay, LLC.*, No. 306CV295/MCR/EMT, 2007 WL 1491296, at *1 (N.D. Fla. May 21, 2007) (permitting a party to supplement expert disclosures, relying on the court's "broad discretion in managing pretrial discovery matters" and the preference for "full discovery whenever possible" underlying the Federal Rules of Civil Procedure). However, no other case deadlines are affected by this extension.

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion to Compel Discovery (Dkt. 37) is **GRANTED** except that the Court limits the scope of the discovery requests to the employing unit described in the conditional class certification order, Defendant's "Tampa location." (Dkt. 24.) Defendant shall serve amended responses, responsive documents, and a privilege log, if applicable and including any conversations between decision-makers and corporate counsel Kenneth Jacobsen, **by February 9, 2018**.

2. Plaintiffs' Second Motion to Compel (Dkt. 42) is **DENIED**.

3. Plaintiffs' Motion to Compel Defendant to Provide Complete Deposition Responses Or Be Bound By Its Answers (Dkt. 40) is **DENIED**.

4. Plaintiffs' Motion to Extend Discovery and Expert Deadlines, and to Exceed 10 Deposition Limit (Dkt. 41) is **GRANTED** in part and **DENIED** in part. Plaintiffs' expert disclosure deadline is extended through March 23, 2018, but the motion is denied in all other

respects.

**DONE** and **ORDERED** in Tampa, Florida, on January 25, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record